# Wytheville.

## DANIEL V. DOUGHTY AND OTHERS.

June 14, 1917.

Absent, Burks, J.*   ·

1. BILL IN EQUITY—*Demurrer—Adverse Possession.*—A suit was brought to judicially determine the existence of an alley-way through certain town lots, and protect the use of the same by a perpetual injunction. It was contended that the bill showed on its face that the land which was sought to be appropriated as an alley-way had been held adversely by the defendants for more than the statutory period of fifteen years. The only allegation in the bill regarding the possession was that the defendants "refuse to open said alley as provided by said deeds and have closed same." How long the alley had been enclosed, and how long the alleged refusal to open it had continued, was not averred.

   *Held:* That the demurrer was properly overruled.

2. STREETS AND HIGHWAYS—*Establishment of Alley by Owner of Block—Section 2510-a, Code of 1904.*—The establishment of an alley by the owner of the block before he sold any lots therein did no violence to any of the provisions of section 2510-a, Code of 1904, prescribing the manner of vacating plats of town lots. This statute was not intended, and cannot be construed, to prohibit the creation of new or additional ways or easements, not shown on the original plat. Its manifest purpose and policy is to prevent the diminution of the public uses and conveniences guaranteed in the original plan of subdivision. The consent, properly evidenced, of the owners of the lots affected, is the only prerequisite to the establishment and opening of an alley such as is involved in this case; and subsequent purchasers must take *cum onere.* The closing of a street or alley would, of course, be a different proposition, and controlled by different considerations.

3. STREETS AND HIGHWAYS—*Creation of Alley—Deed.*—Where a deed duly recorded operates a valid creation and establishment

---

*Submitted before Judge Burks took his seat.

of an alley-way through an entire block, a subsequent pur-
chaser takes subject to it. The deed was in his chain of title,
and under familiar rules of law was binding upon him.

4. EASEMENT—*Abandonment*—*Burden of Proof.*—The law is per-
fectly well settled that the burden of proof to show an aban-
donment of an easement is upon the party claiming such aban-
donment, and that he must establish the fact by clear and
unequivocal evidence.

Appeal from a decree of the Circuit Court of Northamp-
ton county. Decree for complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*J. W. Topping* and *John T. Daniel,* for the appellant.

*John E. Nottingham, Jr.,* for the appellees.

KELLY, J., delivered the opinion of the court.

This is an appeal from a decree which judicially deter-
mines the existence of an alley-way through certain town
lots, and protects the use of the same by a perpetual injunc-
tion.

The essential facts are these: The land comprised in
what is now the town of Cape Charles was formerly owned
by William L. Scott, who in 1884 subdivided it into lots,
streets and alleys, and recorded a plat thereof according to
law. Subsequently, Scott sold and conveyed sundry lots in
the town, as thus laid off, to sundry individuals; and still
later, by deed dated July 16, 1885, duly recorded, he sold
and conveyed to A. J. Cassatt all lots facing south in a
block bounded on the north by Monroe avenue, on the south
by Tazewell avenue, on the east by Nectarine street, and on
the west by Plum street. This block contained twenty-eight

lots, half of them fronting on Monroe avenue and half on Tazewell avenue. The lots were all of the same width and depth, the latter dimension of each being 140 feet. There was originally, as shown by the recorded plat, no alley separating these lots, the two tiers adjoining each other in the rear; but the granting clause in the deed from Scott to Cassatt (made before any other lots in that block had been sold), immediately following the designation of the lots conveyed thereby, concluded with the words, "subject to an alley sixteen (16) feet in width, and in length extending from Plum street to Nectarine street, the center line of which said alley throughout its length, to be parallel with, and equal distant from Monroe avenue and Tazewell avenue, and which said alley shall be for the joint use of the parties hereto and their heirs and assigns." Attached to and recorded with the deed, was a plat of the block, showing the location of the alley thus established. In 1897 Cassatt sold and conveyed two of his lots to the appellant, John T. Daniel, by a deed which is not in the record, but which seems to have contained no reference to the alley. In 1903 the appellant acquired two more of the lots by a deed from the trustees appointed in the will of William L. Scott, and this latter deed was expressly made subject to the alley, in language practically identical with that used in the conveyance from Scott to Cassatt. The two lots last mentioned faced north and were immediately in the rear of the two purchased by the appellant from Cassatt. Appellant enclosed the lots without regard to the alley thereby completely obstructing the latter.

This suit was brought by John H. Doughty, and others owning some of the other lots in the block, against certain other lot owners in that block to require them to open the alley. The relief prayed for was granted, and John T. Daniel, one of the defendants, brings this appeal.

There was a demurrer to the bill which was overruled,

and this action is assigned as error. The contention is that the bill showed on its face that the land which is sought to be appropriated as an alley-way has been held adversely by the defendants for more than the statutory period of fifteen years. We do not so understand the bill. The only allegation therein regarding the possession is that the defendants "refuse to open said alley as provided by said deeds and have closed same." How long the alley has been enclosed, and how long the alleged refusal to open it has continued, is not averred. This allegation could be entirely true, and perfectly consistent with the facts, if the alley had only been recently enclosed, or had been enclosed for the statutory period without any hostile purpose, and if the first refusal to open it had been as recent as the day before the suit was brought. Moreover, we see no real distinction between this and the fourth assignment of error, which, as we shall see has been expressly waived.

It is claimed, in the second assignment, that the decree violates the terms of section 2510-a of the Code prescribing the manner of vacating in whole or in part plats of town lots. The establishment of the alley by the owner of the block before he sold any lots therein did no violence to any of the provisions of the statute here invoked. This statute, as we conceive, was not intended, and cannot be construed, to prohibit the creation of new or additional ways or easements, not shown on the original plat. Its manifest purpose and policy is to prevent the diminution of the public uses and conveniences guaranteed in the original plan of subdivision. To give the statute the effect contended for by the appellant would be to place upon it a construction directly opposed to its plain reason and spirit. The consent, properly evidenced, of the owners of the lots affected, is the only prerequisite to the establishment and opening of an alley such as is involved in this case; and subsequent purchasers must take *cum onere.* The closing of a street

or alley would, of course, be a different proposition, and controlled by different considerations.

It is further contended that the decree was erroneous in so far as the lots purchased by the appellant in 1903 are affected, because "the attempted creation of the alley was without force and effect, as by the provisions of the reservation itself the alley was to be for the use of those not parties to the deed, assigns being those to whom something is assigned subsequent to the date of the instrument using the term, and according to the court's construction of this reservation the alley was also intended for the use and benefit of those parties to whom William L. Scott assigned prior to" the conveyance of the two lots purchased by the appellant in 1903.

Whatever might be the merits of this contention if the cases in hand rested solely upon the reservation contained in the deed of 1903 from Cassatt to the appellant, the contention is without merit here because the deed above recited from Scott to Cassatt, which was duly recorded, operated an unquestionably valid creation and establishment of the alley-way through the entire block, and the appellant took subject to it. It was in his chain of title, and under familiar rules of law was binding upon him.

The fourth assignment of error is to the effect that, "it was error on the part of the court to enter the decree, certainly as to lots 368 and 369 (purchased directly from Cassatt), as by the depositions introduced these lots, including that part of the alley which was taken from them, had been held by petitioner by actual, open, uninterrupted, notorious and adverse possession under color of title for the statutory period of fifteen years" before the suit was brought. In the oral argument of this case, counsel for the appellant stated to the court that unless the decree complained of should be reversed upon some other ground, this assignment was to be treated as waived and abandoned.

108

Finally, we are asked to reverse the decree because the alley in question "was first attempted to be created in 1885, and up to the year 1915 it had not been opened, nor had there been any attempt to do so; that during the entire time between 1885 and 1915 the space which this alley would occupy was obstructed by buildings and enclosures belonging to both plaintiffs and defendants to this suit; and that these facts constituted an abandonment and extinguishment of the right."

We have looked carefully to the evidence and find it exceedingly meagre and wholly insufficient to support the allegations of this assignment. Whatever may be the existing facts as to the alleged long continued obstruction of the alley, they are certainly not sufficiently developed in the record to meet the burden of proof and the character of proof requisite to establish the abandonment of an easement. The law is perfectly well settled that the burden of proof to show an abandonment of an easement is upon the party claiming such abandonment, and that he must establish the fact by clear and unequivocal evidence. Jones on Easements, p. 682, sec. 850; 14 Cyc. 1193; 9 R. C. L., p. 813, sec. 68, note 11; *Scott* v. *Moore,* 98 Va. 668, 686; 37 S. E. 342, 81 Am. St. Rep. 749.

We find no error in the decree complained of, and it will be affirmed.

*Affirmed.*